**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4090**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LAMAR CLOUD,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00385-RJC-DCK-1)

───────────────

Submitted:  May 31, 2024                          Decided:  September 17, 2024

───────────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lamar Cloud pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base, methamphetamine, Eutylone, and at least 500 grams of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court sentenced him to a within-Guidelines term of 240 months' imprisonment, 180 months on the conspiracy count and 60 months consecutive on the firearm count, to be followed by four years of supervised release. On appeal, Cloud's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Cloud's sentence is procedurally reasonable. Cloud has filed a pro se supplemental brief. The Government has declined to file a brief. We affirm.

This court reviews a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This court "first ensure[s] that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51.

If there is no significant procedural error, then this Court considers the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United*

2

*States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Cloud bears the burden of rebutting that presumption "by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Everett*, 91 F.4th, 698, 714 (4th Cir. 2024); *see White*, 810 F.3d at 230.

Both counsel and Cloud contend that the court erred in applying the three-level enhancement for Cloud's managerial role in the offense. They also challenge the court's reliance on extra-record evidence to find that Cloud qualified for that enhancement and its determination of drug quantity.

"Section 3B1.1(b) provides for a three-point enhancement '[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.'" *United States v. Burnley*, 988 F.3d 184, 187-88 (4th Cir. 2021) (quoting U.S. Sentencing Guidelines Manual § 3B1.1(b)). In determining whether to apply an enhancement for a defendant's leadership role, a court should consider "the [defendant's] exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." USSG § 3B1.1 cmt. n.4. Control over one other coconspirator is sufficient to justify the enhancement. *United States v. Rashwan*, 328 F.3d 160, 166 (4th Cir. 2003). However, merely "being a buyer or seller of illegal drugs, even

3

in league with five or more other persons, does not establish that a defendant has functioned as a manager or supervisor of criminal activity." *United States v. Slade*, 631 F.3d 185, 190 (4th Cir. 2011) (cleaned up).

The Government bears the burden of proving by a preponderance of the evidence that the enhancement should apply. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). Because "a district court's determination that a defendant held a leadership role in criminal activity is essentially factual," this Court's review is for clear error. *Id.* (internal quotation marks omitted). Upon review, we find no clear error in the application of the enhancement. The evidence at Cloud's codefendant's trial, over which the trial judge presided, and the presentence report, showed that Cloud directed others in trips back and forth from Atlanta to obtain drugs. Further, we conclude that the district court's reliance on extra-record evidence in applying that enhancement was not improper.

Regarding drug quantity, Cloud claims that there was no lab report establishing that the 2000 grams of Eutylone attributed to him was, in fact, Eutylone, or reporting drug weight. "For sentencing purposes, the [G]overnment must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). "Under the Guidelines, '[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (quoting USSG § 2D1.1 cmt. n.5). In making this approximation, a court may "give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability

4

to support its accuracy." *Id.* (internal quotation marks omitted). Uncorroborated hearsay alone can provide sufficiently reliable evidence of drug quantity. *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010). "The defendant bears the burden of establishing that the information relied upon by the district court . . . is erroneous." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011).

The record discloses that the court reviewed relevant text messages between the codefendants and concluded that they justified an inference that the 2,000 grams of Eutylone were attributable to Cloud and that the actual total converted drug weight was well above the amount needed to establish Cloud's base offense level. Finally, upon review, we find no impermissible double counting of drug quantities or firearms stemming from the home search incident to Cloud's arrest.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cloud, in writing, of the right to petition the Supreme Court of the United States for further review. If Cloud requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cloud. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5